# EXHIBIT 14



RECEIVED-MANHATTAN
OFFICE OF THE CLERK

2025 DEC 31  A. 10: 04

THE CITY OF NEW YORK
OFFICE OF THE MAYOR
NEW YORK, N.Y. 10007

December 31, 2025

Hon. Michael McSweeney
City Clerk and Clerk of the Council
141 Worth Street
New York, NY 10013

      **Re:**    **Disapproval of Introductory No. 276-A**

Dear Mr. McSweeney:

Pursuant to Section 37 of the New York City Charter, I hereby disapprove Introductory Number 276-A, which would amend the Administrative Code of the City of New York "in relation to the wrongful deactivation of high-volume for-hire vehicle drivers."

New York City leads the world in protecting for-hire vehicle passengers and licensed for-hire drivers, but this legislation would create an unwieldy and expensive new government program that would be called upon to second-guess business decisions regarding independent contractors. Int. 276-A would require that the Department of Consumer and Worker Protection ("DCWP") enforce a complex regulatory scheme for high-volume for-hire vehicle companies' deactivation of high-volume for-hire vehicle drivers. This legislation would create regulatory confusion and overlap by providing new authority to DCWP to oversee businesses and drivers that are already licensed by the Taxi and Limousine Commission ("TLC"). This dilution of regulatory oversight of the for-hire vehicle industry could have the unintended effect of weakening TLC's regulations, which are designed to protect drivers and the riding public.

In addition to these structural issues, the legislation comes with a high cost. The Office of Management and Budget ("OMB") estimates that 170 additional DCWP staff—including 105 additional attorneys—would be required to handle the estimated 2,000 deactivation claims per year, each of which will require a determination of whether the deactivation was made for just cause. *See* OMB Fiscal Impact Statement (Dec. 15, 2025). OMB estimates that the personnel cost for this unit would be over $23 million per year.

2

For the foregoing reasons, I hereby disapprove Int. No. 276-A.

Sincerely,

Eric Adams
Mayor

Cc:    Hon. Adrienne Adams, Speaker

Proposed Int. No. 276-A

By Council Members Krishnan, Hanif, Lee, Restler, Marte, Brewer, Hudson, Cabán, Abreu, Banks, Ung, Schulman, Sanchez, Ayala, Avilés, Zhuang, Riley, Joseph, Stevens, Hanks, Nurse, De La Rosa, Gutiérrez and Epstein

A Local Law to amend the administrative code of the city of New York, in relation to the wrongful deactivation of high-volume for-hire vehicle drivers

Be it enacted by the Council as follows:

Section 1. Subdivision a of section 20-1204 of the administrative code of the city of New York, as added by local law number 107 for the year 2017, is amended to read as follows:

a. No person shall take any adverse action against an employee or high-volume for-hire vehicle driver that penalizes such employee or high-volume for-hire vehicle driver for, or is reasonably likely to deter such employee or high-volume for-hire vehicle driver from, exercising or attempting to exercise any right protected under this chapter. Taking an adverse action includes threatening, intimidating, disciplining, discharging, demoting, suspending or harassing an employee or high-volume for-hire vehicle driver, reducing the hours or pay of an employee or high-volume for-hire vehicle driver, informing another employer or high-volume for-hire vehicle service that an employee or high-volume for-hire vehicle driver has engaged in activities protected by this chapter, and discriminating against the employee or high-volume for-hire vehicle driver, including actions related to perceived immigration status or work authorization. An employee or high-volume for-hire vehicle driver need not explicitly refer to this chapter or the rights enumerated herein to be protected from retaliation.

§ 2. Paragraphs 1 and 2 of subdivision b of section 20-1207 of the administrative code of the city of New York, as amended by local law number 80 for the year 2020, are amended to read as follows:

1

1. Any person, including any organization, alleging a violation of this chapter may file a complaint with the department within two years of the date the person knew or should have known of the alleged violation, except that (i) a complaint alleging a violation of section 20-1282 or section 20-1283 may be filed only by the deactivated high-volume for-hire vehicle driver or by a representative of such high-volume for-hire vehicle driver, provided that the high-volume for-hire vehicle driver has agreed to such representation and (ii) a complaint alleging a violation of section 20-1283 may be filed within one year after the effective date of the local law that added subchapter 8 of this chapter.

2. Upon receiving such a complaint, the department shall investigate it, except that upon receiving a complaint alleging a violation of any provision of subchapter 8 of this chapter, the department shall, if resources permit, investigate the complaint.

§ 3. Paragraph 5 of subdivision b of section 20-1207 of the administrative code of the city of New York, as amended by local law number 80 for the year 2020, is amended to read as follows:

5. The department shall keep the identity of any complainant confidential unless disclosure is necessary to resolve the investigation or is otherwise required by law, except that for complaints alleging violations of section 20-1282 or 20-1283, the department shall provide notice of the complaint and the identity of the complainant to the high-volume for-hire vehicle service as soon as practicable. The department shall, to the extent practicable, notify such complainant that the department will be disclosing the complainant's identity before such disclosure.

§ 4. The section heading of section 20-1208 of the administrative code of the city of New York, as added by local law 107 for the year 2017, is amended to read as follows:

§ 20-1208 Specific administrative remedies [for employees or former employees].

2

§ 5. Subdivision c of section 20-1208 of the administrative code of the city of New York, as added by local law number 107 for the year 2017 and redesignated by local law number 2 for the year 2021, is redesignated subdivision e and amended and new subdivisions c and d are added to such section to read as follows:

c. 1. For each violation by a high-volume for-hire vehicle service of section 20-1282 or 20-1283, the department shall order reinstatement or restoration of access to the driver platform of such high-volume for-hire vehicle service by such high-volume for-hire vehicle driver, unless waived by such high-volume for-hire vehicle driver.

2. For each violation by a high-volume for-hire vehicle service of section 20-1282 the department shall order the payment of back pay to the wrongfully deactivated high-volume for-hire vehicle driver, and such back pay shall be equal to the amount such high-volume for hire vehicle driver would have normally earned or received from such high-volume for-hire vehicle service during the period of a wrongful deactivation if such wrongful deactivation had not occurred, provided that:

(a) The department may subtract any additional amounts earned or received by such high-volume for-hire vehicle driver from other work during such period in excess of what such high-volume for-hire vehicle would have normally earned or received from other work if such deactivation had not occurred;

(b) For purposes of this paragraph, the amount a high-volume for-hire vehicle driver would have normally earned or received from a high-volume for-hire vehicle service or other work over a period of deactivation shall be determined based on the average daily amount such high-volume for-hire vehicle driver earned or received from such high-volume for-hire vehicle service or such other work over a reasonably comparable period;

3

(c) Notwithstanding any provision of this subdivision to the contrary, where a violation of section 20-1282 arises from an allegation of egregious misconduct that was not substantiated, back pay shall not accrue until 15 days after the date of deactivation of a high-volume for-hire vehicle driver; and

(d) The department may adjust the amount of back pay owed to a high-volume for-hire vehicle driver, as appropriate, based on a failure by such high-volume for-hire vehicle driver to make a reasonable effort to mitigate any loss of income, provided that a high-volume for-hire vehicle service shall have the burden of proving by a preponderance of the evidence that a driver failed to make a reasonable effort to mitigate:

d. For violations of this chapter, the department may grant the following relief to a high-volume for-hire vehicle driver or former high-volume for-hire vehicle driver:

1. All compensatory damages and other relief required to make such high-volume for-hire vehicle driver or former high-volume for-hire vehicle driver whole;

2. An order directing a high-volume for-hire vehicle service to comply with the requirements set forth in subchapter 8 of this chapter;

3. For each violation of section 20-1204,

(a) Any equitable relief appropriate under the circumstances, including rescission of any discipline issued, reinstatement of any deactivated high-volume for-hire vehicle driver, and payment of back pay for any loss of pay or benefits resulting from discipline or other action taken in violation of section 20-1204;

(b) $500 for each violation not involving deactivation, as such term is defined in section 20-1281; and

4

(c) $2,500 for each violation involving deactivation, as such term is defined in section 20-1281;

4. For each violation of 20-1282, $500, rescission of any discipline issued, and any other equitable relief as may be appropriate;

5. For each violation of subdivision c of section 20-1284, $500;

6. For each violation of section 20-1286, $500; and

7. For each violation of section 20-1289, $500.

e. The relief authorized by this section shall be imposed on a per employee or high-volume for-hire vehicle driver and per instance basis for each violation.

§ 6. Section 20-1209 of the administrative code of the city of New York, as added by local law 107 for the year 2017, is amended to read as follows:

§ 20-1209 Specific civil penalties payable to the city. a. For each violation of this chapter, except for any violation of section 20-1283, an employer or high-volume for-hire vehicle service is liable for a penalty of $500 for the first violation and, for subsequent violations that occur within two years of any previous violation of this chapter, up to $750 for the second violation and up to $1,000 for each succeeding violation.

b. The penalties imposed pursuant to this section shall be imposed on a per employee or high-volume for-hire vehicle driver and per instance basis for each violation.

§ 7. Section 20-1211 of the administrative code of the city of New York, as added by local law number 107 for the year 2017, subdivision a as amended, subdivision c as added, and subdivisions d and e as redesignated by local law number 2 for the year 2021, is amended to read as follows:

§ 20-1211 Private cause of action. a. Claims. Any person, including any organization, alleging a violation of the following provisions of this chapter may bring a civil action, in accordance with applicable law, in any court of competent jurisdiction:

1. Section 20-1204;

2. Section 20-1221;

3. Subdivisions a and b of section 20-1222;

4. Section 20-1231;

5. Subdivisions a, b, d, f and g of section 20-1241;

6. Section 20-1251;

7. Subdivisions a and b of section 20-1252; [and]

8. Section 20-1272;

9. Section 20-1282;

10. Section 20-1283;

11. Section 20-1284;

12. Section 20-1286; and

13. Section 20-1289.

b. Remedies. Such court may order compensatory, injunctive and declaratory relief, including the following remedies for violations of this chapter:

1. Payment of schedule change premiums withheld in violation of section 20-1222;

2. An order directing compliance with the recordkeeping, information, posting and consent requirements set forth in sections 20-1205, 20-1206 and 20-1221;

3. Rescission of any discipline issued in violation of section 20-1204;

6

4. Reinstatement of any employee or high-volume for-hire vehicle driver terminated in violation of section 20-1204;

5. Payment of back pay for any loss of pay or benefits resulting from discipline or other action taken in violation of section 20-1204;

6. Other compensatory damages and any other relief required to make the employee or high-volume for-hire vehicle driver whole; and

7. Reasonable attorney's fees and costs.

c. For each violation of section 20-1272, 20-1282, or 20-1283, the court shall order reinstatement or restoration of hours of the fast food employee or reinstatement or restoration of the driver platform access of the high-volume for-hire vehicle driver, unless waived by the fast food employee or high-volume for-hire vehicle driver, and shall order the fast food employer or high-volume for-hire vehicle service to pay the reasonable attorneys' fees and costs of the fast food employee or high-volume for-hire vehicle driver. [The] For each violation of section 20-1272 or 20-1282, the court may, in addition, grant the following relief: $500 [for each violation], an order directing compliance with section 20-1272 or 20-1282, rescission of any discipline issued, payment of back pay for any loss of pay or benefits resulting from the wrongful discharge or deactivation, punitive damages, and any other equitable relief as may be appropriate. For each violation of 20-1282, the court shall order back pay to be determined as set out in paragraph 2 of subdivision c of section 20-1208.

d. Statute of limitations. A civil action under this section shall be commenced within two years of the date the person knew or should have known of the alleged violation, except that for a violation of section 20-1283, a civil action shall be commenced within one year after the effective date of the local law that added subchapter 8 of this chapter.

7

e. Relationship to department action.

1. Any person filing a civil action shall simultaneously serve notice of such action and a copy of the complaint upon the department. Failure to so serve a notice does not adversely affect any plaintiff's cause of action.

2. An employee or high-volume for-hire vehicle driver need not file a complaint with the department pursuant to subdivision b of section 20-1207 before bringing a civil action; however, no person shall file a civil action after filing a complaint with the department based on the same facts unless such complaint has been withdrawn or dismissed without prejudice to further action.

3. No person shall file a complaint with the department after filing a civil action based on the same facts unless such action has been withdrawn or dismissed without prejudice to further action.

4. The commencement or pendency of a civil action by an employee or a high-volume for-hire vehicle driver does not preclude the department from investigating the employer or the high-volume for-hire vehicle service, or commencing, prosecuting or settling a case against the employer or the high-volume for-hire vehicle service based on some or all of the same violations.

§ 8. Subdivisions a and c of section 20-1212 of the administrative code of the city of New York, subdivision a as amended by local law number 2 for the year 2021 and subdivision c as added by local law number 107 for the year 2017, are amended to read as follows:

a. Cause of action.

1. Where reasonable cause exists to believe that an employer or high-volume for-hire vehicle service is engaged in a pattern or practice of violations of this chapter, the corporation counsel may commence a civil action on behalf of the city in a court of competent jurisdiction.

8

2. The corporation counsel shall commence such action by filing a complaint setting forth facts relating to such pattern or practice and requesting relief, which may include injunctive relief, relief [for employees] set forth in section 20-1208, civil penalties set forth in section 20-1209, and any other appropriate relief.

3. Such action may be commenced only by the corporation counsel or such other persons designated by the corporation counsel.

c. Civil penalty. In any civil action commenced pursuant to subdivision a of this section, the trier of fact may impose [a] an additional civil penalty of not more than $15,000 for a finding that an employer or high-volume for-hire vehicle service has engaged in a pattern or practice of violations of this chapter. Any civil penalty so recovered shall be paid into the general fund of the city.

§ 9. Chapter 12 of title 20 of the administrative code of the city of New York is amended by adding a new subchapter 8 to read as follows:

SUBCHAPTER 8

WRONGFUL DEACTIVATION OF HIGH VOLUME FOR-HIRE VEHICLE DRIVERS

§ 20-1281 Definitions. As used in this subchapter, the following terms have the following meanings:

Account sharing. The term "account sharing" means permitting another person to use the high-volume for-hire vehicle driver's taxi and limousine commission driver's license, technology system login credentials, or driver platform login credentials, while performing driving services for a high-volume for-hire vehicle service.

Deactivation. The term "deactivation" means: (i) an indefinite or permanent discharge, termination, or layoff of a high-volume for-hire vehicle driver; or (ii) a revocation or restriction of

a high-volume for-hire vehicle driver's authorization to accept trips on a driver platform that is either continuously in effect for at least 72 hours or consists of multiple periods of revocation or restriction that total at least 168 hours within a 1-year period.

Driver platform. The term "driver platform" means the driver-facing application or other application, service, website, or system used by a high-volume for-hire vehicle driver by which a high-volume for-hire vehicle service dispatches or facilitates the dispatching of passenger trips to such driver for compensation.

Driving performance data. The term "driving performance data" means any data regarding a high-volume for hire vehicle driver's operation of a for-hire vehicle, including, but not limited to, data recording a high-volume for-hire vehicle driver's rates of acceleration, deceleration, braking, speed, road movements, or any other electronic monitoring of driving performance.

Egregious misconduct. The term "egregious misconduct" means (i) conduct that poses an imminent danger to other persons, including but not limited to violence, threats to engage in violence, sexual harassment, or sexual assault or (ii) discrimination in violation of federal, state, or local law.

High-volume for-hire vehicle driver. The term "high-volume for-hire vehicle driver" means a driver who performs driving services for a high-volume for-hire vehicle service, or who performs driving services for a third-party as a result of receiving a dispatch or referral from a high-volume for-hire vehicle service.

High-volume for-hire vehicle service. The term "high-volume for-hire vehicle service" has the same meaning as set forth in subdivision gg of section 19-502.

Just cause. The term "just cause" means that the high-volume for-hire vehicle driver engaged in egregious misconduct, failed to satisfactorily perform their job duties, or engaged in

10

any other misconduct that is demonstrably and materially harmful to the high-volume for-hire vehicle service's legitimate business interests.

Prior deactivation. The term "prior deactivation" means a deactivation that occurred during the 7 years prior to the effective date of the local law that added this subchapter.

Probation period. The term "probation period" means a period of 30 calendar days beginning on the first date that a high-volume for-hire vehicle driver performs driving services for a high-volume for-hire vehicle service.

Progressive discipline. The term "progressive discipline" means a disciplinary system that provides for a graduated range of reasonable disciplinary measures, including but not limited to warnings and further training requirements, in response to a high-volume for-hire vehicle driver's misconduct or failure to satisfactorily perform job duties for a high-volume for-hire vehicle service, with the type of disciplinary measure varying based on the frequency and degree of such misconduct or failure.

§ 20-1282 Prohibition on wrongful deactivation. a. A high-volume for-hire vehicle service shall not deactivate a high-volume for-hire vehicle driver after such high-volume for-hire vehicle driver's probation period with such service except for just cause, for a bona fide economic reason, as described in section 20-1284, or where federal, state, or local law or rule requires such high-volume for-hire vehicle service to deactivate such high-volume for-hire vehicle driver.

b. In determining whether a high-volume for-hire vehicle service has deactivated a high-volume for-hire vehicle driver for just cause, a fact-finder shall consider, in addition to any other relevant factors, whether:

1. Such high-volume for-hire vehicle driver knew or should have known of such high-volume for-hire vehicle service's policy, rule, or practice that forms a basis for progressive

11

discipline or such deactivation and knew or should have known of the potential consequences for violation of such policy, rule, or practice;

2. Such high-volume for-hire vehicle service's policy, rule, or practice that forms a basis for progressive discipline or such deactivation is reasonably related to safe and efficient high-volume for-hire vehicle service operations;

3. Such high-volume for-hire vehicle service provided relevant and adequate training to such high-volume for-hire vehicle driver;

4. Such high-volume for-hire vehicle service's policy, rule or practice that forms a basis for such deactivation, including the utilization of progressive discipline, was reasonable and applied consistently;

5. Such high-volume for-hire vehicle service undertook a fair and objective investigation into the high-volume for-hire vehicle driver's job performance as well as their misconduct or failure to satisfactorily perform job duties;

6. Such deactivation is a reasonable response to such high-volume for-hire vehicle driver's job performance as well as their misconduct or failure to satisfactorily perform job duties and accounts for any mitigating circumstances, including but not limited to such high-volume for-hire vehicle driver's past work history; and

7. Such high-volume for-hire vehicle driver violated the policy, rule or practice or engaged in any misconduct or failure to satisfactorily perform job duties that forms a basis for progressive discipline or such deactivation.

c. Except where deactivation is for alleged egregious misconduct, a deactivation of a high-volume for-hire vehicle driver shall not be considered based on just cause unless a high-volume for-hire vehicle service demonstrates that:

12

1. Such high-volume for-hire vehicle service has utilized progressive discipline; provided, however, that such high-volume for-hire vehicle service may not rely on progressive discipline issued more than 1 year before such deactivation; and

2. Such high-volume for-hire vehicle service had a written policy on progressive discipline that was in effect and was provided to such high-volume for-hire vehicle driver.

d. A high-volume for-hire vehicle service shall provide the high-volume for-hire vehicle driver with notice of an impendent deactivation 14 days in advance of the impending deactivation, except that (i) where a deactivation of a high-volume for-hire vehicle driver is for a bona fide economic reason, as described in section 20-1284, a high-volume for-hire vehicle service must provide, in a form and manner designated by the department, an advance notice of layoff to such high-volume for-hire vehicle driver at least 120 days prior to such deactivation, and (ii) advance notice is not required where a deactivation is for egregious misconduct, account sharing, or if there is a pattern of repeated fraudulent behavior. Such advance notice shall state all the precise and detailed reasons for and the effective date of such deactivation. Such advance notice shall include information about: (i) such high-volume for-hire vehicle driver's right to challenge such deactivation as unlawful pursuant to this subchapter; (ii) how such high-volume for-hire vehicle driver may initiate an informal resolution process with such high-volume for-hire vehicle service pursuant to section 20-1287; (iii) the opportunity for such high-volume for-hire vehicle driver to submit evidence to substantiate a challenge to such deactivation; (iv) such high-volume for-hire vehicle driver's right to file a complaint with the department, or initiate a private action; and (v) eligible high-volume for-hire vehicle drivers' rights to access unemployment insurance.

e. Within 5 days after deactivating a high-volume for-hire vehicle driver for egregious misconduct, account sharing, or if there is a pattern of repeated fraudulent behavior, a high-volume

13

for-hire vehicle service shall provide, in a form and manner designated by the department, a notice of deactivation to such high-volume for-hire vehicle driver which contains a written explanation of all the precise and detailed reasons for such deactivation and the effective date of such deactivation. Such notice shall include information about: (i) such high-volume for-hire vehicle driver's right to challenge such deactivation as unlawful pursuant to this subchapter; (ii) how such high-volume for-hire vehicle driver may initiate an informal resolution process with such high-volume for-hire vehicle service pursuant to section 20-1287; (iii) the opportunity for such high-volume for-hire vehicle driver to submit evidence to substantiate a challenge to such deactivation; (iv) such high-volume for-hire vehicle driver's right to file a complaint with the department, or initiate a private action; and (v) eligible high-volume for-hire vehicle drivers' rights to access unemployment insurance.

f. This section shall not apply to any deactivation that occurred prior to the effective date of the local law that added this section.

§ 20-1283 Prior deactivations. a. Within 1 year after the effective date of the local law that added this section, a high-volume for-hire vehicle driver who was subject to a prior deactivation by a high-volume for-hire vehicle service may petition such high-volume for-hire vehicle service for reinstatement or restoration of access to such high-volume for-hire vehicle service's driver platform. Within 30 days after receipt of such petition, such high-volume for-hire vehicle service shall reinstate or restore such high-volume for-hire vehicle driver's access to such driver platform, unless such prior deactivation occurred during the probation period or was for just cause, for a bona fide economic reason, as described in section 20-1284, or required by federal, state, or local law or rule.

14

b. In determining whether a prior deactivation of a high-volume for-hire vehicle driver by a high-volume for-hire vehicle service was for just cause, a fact-finder shall consider, in addition to any other relevant factors, whether:

1. Such high-volume for-hire vehicle driver knew or should have known of such high-volume for-hire vehicle service's policy, rule, or practice that formed a basis for such prior deactivation and knew or should have known of the potential consequences for violation of such policy, rule or practice;

2. Such high-volume for-hire vehicle service's policy, rule, or practice that formed a basis for such prior deactivation was reasonably related to safe and efficient high-volume for-hire vehicle service operations;

3. Such high-volume for-hire vehicle service's policy, rule or practice that formed a basis for such prior deactivation was reasonable and applied consistently;

4. Such prior deactivation was a reasonable response to such high-volume for-hire vehicle driver's job performance as well as their misconduct or failure to satisfactorily perform job duties and accounted for any mitigating circumstances, including, but not limited to, such high-volume for-hire vehicle driver's past work history;

5. Such high-volume for-hire vehicle driver violated the policy, rule, or practice or committed the misconduct or failure to satisfactorily perform job duties that formed a basis for such prior deactivation; and

6. Such high-volume for-hire vehicle service considered any exculpatory evidence or other facts indicating that such high-volume for-hire vehicle driver did not violate such high-volume for-hire vehicle service's policy, rule or practice.

15

c. If a high-volume for-hire vehicle service does not reinstate or restore access of a high-volume for-hire vehicle driver who was subject to a prior deactivation to such high-volume for-hire vehicle service's driver platform within 30 days after receipt of a petition pursuant to subdivision a of this section, such high-volume for-hire vehicle service shall provide a written explanation, in a form and manner designated by the department, to such high-volume for-hire vehicle driver of all the precise and detailed reasons for such prior deactivation. Such written explanation shall include information about: (i) such high-volume for-hire vehicle driver's right to challenge such prior deactivation as unlawful pursuant to this subchapter; (ii) how such high-volume for-hire vehicle driver may initiate an informal resolution process with the high-volume for-hire vehicle service pursuant to section 20-1287; (iii) the opportunity of such high-volume for-hire vehicle driver to submit evidence to substantiate a challenge to such prior deactivation; (iv) such high-volume for-hire vehicle driver's right to file a complaint with the department, or initiate a private action; and (v) how a high-volume for-hire vehicle driver may apply for unemployment benefits.

d. Notwithstanding any other provision of this section, a high-volume for-hire vehicle service may decline to immediately reinstate or restore access to such high-volume for-hire vehicle service's driver platform to a high-volume for-hire vehicle driver whose access is required to be reinstated or restored pursuant to subdivision a of this section if such high-volume for-hire vehicle service is not providing access to such driver platform to any new high-volume for-hire vehicle driver, and has not provided such access during the 3 months prior to the effective date of the local law that added this section. Where such high-volume for-hire vehicle service declines to immediately reinstate or restore access to such driver platform pursuant to this subdivision, such high-volume for-hire vehicle service shall maintain a waitlist of high-volume for-hire vehicle

drivers whose access to such driver platform is required to be reinstated or restored pursuant to subdivision a of this section and reinstate or restore such high-volume for-hire vehicle drivers' access to such driver platform, in the order in which such high-volume for-hire vehicle drivers were placed on such waitlist, provided that any such driver meets the minimum requirements that apply to all current high-volume for-hire vehicle drivers for such high-volume for-hire vehicle service, prior to providing any other new high-volume for-hire vehicle driver access to such driver platform.

§ 20-1284 Bona fide economic reasons. a. A deactivation, including a prior deactivation, shall not be considered based on a bona fide economic reason unless supported by a high-volume for-hire vehicle service's business records demonstrating that such deactivation is in response to: (i) a proportionate reduction in volume of sales or profit within the fiscal quarter prior to the issuance of a notice of layoff required by subdivision d of section 20-1282; or (ii) a high-volume for-hire vehicle service discontinuing its driving services in the city.

b. 1. Deactivations of high volume for-hire vehicle drivers based on bona fide economic reason shall be done in reverse order of seniority, so that high volume for-hire vehicle drivers with the greatest seniority shall be retained the longest and reinstated or restored access to the driver platform first.

2. A high-volume for-hire vehicle service shall make reasonable efforts to offer reinstatement or restoration of access to such high-volume for-hire vehicle service's driver platform to any high-volume for-hire vehicle driver deactivated by such high-volume for-hire vehicle service based on a bona fide economic reason within the previous 3 years, if any, before such high-volume for-hire vehicle service may provide any other new high-volume for-hire vehicle driver access to such driver platform.

17

3. This subdivision shall apply only to deactivations that occur on or after the effective date of the local law that added this section.

§ 20-1285 Burden of proof; evidence. a. In any proceeding alleging a violation by a high-volume for-hire vehicle service of section 20-1282 or section 20-1283, such high-volume for-hire vehicle service shall bear the burden of proving just cause and bona fide economic reason pursuant to section 20-1282 or 20-1283 by a preponderance of the evidence, subject to the rules of evidence as set forth in the civil practice law and rules or, where applicable, the common law.

b. In determining whether a high-volume for-hire vehicle service had just cause for a deactivation, a fact-finder may not consider any reasons proffered by the high-volume for-hire vehicle service not included in the notice of deactivation provided to the high-volume for-hire vehicle driver pursuant to subdivision e of section 20-1282 or the written explanation provided to the high-volume for-hire vehicle driver pursuant to subdivision c of section 20-1283.

c. When determining damages, the fact-finder may take into account any evidence the high-volume for-hire vehicle driver submitted pursuant to subdivision d or e of section 20-1282, subdivision c of section 20-1283, or section 20-1287, that was not timely or duly considered by the high-volume for-hire vehicle service.

c. A high-volume for-hire vehicle driver may submit evidence in any proceeding alleging a violation of this subchapter that was not provided to the high-volume for-hire vehicle service pursuant to subdivision d or e of section 20-1282, subdivision c of section 20-1283, or section 20-1287 and no negative inference or consequence shall apply to a high-volume for-hire vehicle driver's decision not to submit evidence pursuant to these provisions.

§ 20-1286 Provision of data. a. Upon the issuance of a notice of deactivation required pursuant to subdivision e of section 20-1282, a high-volume for-hire vehicle service shall provide

18

a deactivated high-volume for-hire vehicle driver with information and data relevant to such high-volume for-hire driver's deactivation. Such information shall include, but need not be limited to:

1. Driving performance data specific to such high-volume for-hire vehicle driver;

2. All customer comments, ratings, and complaints received regarding the high-volume for-hire vehicle driver; and

3. Anonymized and aggregated reports, covering the 12 months prior to such high-volume for-hire vehicle driver's deactivation, regarding discipline, including deactivation, imposed by such high-volume for-hire vehicle service on any other high-volume for-hire vehicle drivers who engaged in the same or similar misconduct or failure to satisfactorily perform job duties forming a basis for the deactivation of the high-volume for-hire vehicle driver subject to such notice.

b. The information or data required by subdivision a of this section shall be redacted to remove the personally identifiable information of passengers. This requirement does not apply to any independent obligation to produce information, including but not limited to any production of information required as part of an adjudicatory hearing.

c. Upon the issuance of the notice required pursuant to subdivision c of section 20-1283, a high-volume for-hire vehicle service shall provide a deactivated high-volume for-hire vehicle driver with information and data relevant to such high-volume for-hire driver's deactivation, including all information required under subdivision a of this section, to the extent that such information is available to such high-volume for-hire vehicle service.

d. For at least 6 years after deactivating a high-volume for-hire vehicle driver, a high-volume for-hire vehicle service must continue to provide such high-volume for-hire vehicle driver with access to all information and data concerning such high-volume for-hire vehicle driver that

such high-volume for-hire vehicle driver had access to prior to deactivation, including but not limited to such high-volume for-hire vehicle driver's tax and payment records.

§ 20-1287 Informal resolution process. a. A high-volume for-hire vehicle service shall maintain an email address, website, or other form of electronic communication through which a high-volume for-hire vehicle driver or their representative may challenge such high-volume for-hire vehicle driver's deactivation, prior deactivation, or impending deactivation for which such high-volume for-hire vehicle driver received a notice of layoff pursuant to subdivision d of section 20-1282, as unlawful pursuant to this subchapter. Such high-volume for-hire vehicle service must provide such high-volume for-hire vehicle driver an opportunity to submit evidence to substantiate any such challenge and accept written communications pursuant to this section in the language in which they are written.

b. A high-volume for-hire vehicle driver may seek informal resolution of a deactivation of such high-volume for-hire vehicle driver, or an impending deactivation for which such high-volume for-hire vehicle driver receives a notice of layoff pursuant to subdivision d of section 20-1282, by a high-volume for-hire vehicle service by initiating, an informal resolution process through the email address, website, or other form of electronic communication maintained by such high-volume for-hire vehicle service pursuant to subdivision a of this section, or through any other means that such high-volume for-hire vehicle driver and such high-volume for-hire vehicle service agree to. The parties shall have 15 days after commencing such informal resolution process to reach a resolution, unless such high-volume for-hire vehicle driver and such high-volume for-hire vehicle service mutually agree to a longer timeframe. If the parties resolve a challenge pursuant to this subdivision, they shall memorialize such resolution in a written agreement, on a form provided by the department.

c. The high-volume for-hire vehicle service's failure to engage in good faith with the informal resolution process shall be a violation subject to a civil penalty under section 20-1209, but such violation shall not be subject to enforcement pursuant to sections 20-1207, 20-1208, 20-1210, 20-1211 and 20-1212.

d. After receiving a complaint pursuant to section 20-1207 alleging a violation of section 20-1282 or 20-1283, the department shall notify the high-volume for-hire vehicle driver or such high-volume for-hire vehicle driver's representative and the high-volume for-hire vehicle service that they may resolve the complaint through an informal resolution process pursuant to this section.

e. Notwithstanding any other provision of this chapter to the contrary, the department shall not proceed with its investigation of a complaint filed pursuant to section 20-1207 alleging a violation of section 20-1282 or 20-1283 unless (i) the high-volume for-hire vehicle driver or such high-volume for-hire vehicle driver's representative and the high-volume for-hire vehicle service fail to reach a resolution within 15 days after commencement of an informal resolution process pursuant to this section, or (ii) the high-volume for-hire vehicle driver has opted out of the informal resolution process pursuant to this section, in a form and manner specified by the department.

§ 20-1288 Reporting; records; information. a. Data collection and reporting. No less than annually, the department shall make available on the city's website a report on deactivations and alleged violations of sections 20-1282 and 20-1283 during the preceding calendar year. The department shall promulgate rules requiring that high-volume for-hire vehicle services produce anonymized, aggregated data necessary to prepare such report. Such report shall include, with respect to the year preceding the release of such report: (i) the number of high-volume for-hire vehicle drivers each high-volume for-hire vehicle service deactivated for just cause, egregious misconduct, and bona fide economic reasons; (ii) the number of high-volume for-hire vehicle

21

drivers who filed complaints with the department alleging violations of sections 20-1282 and 20-1283 and the outcomes of such complaints: (iii) the number of high-volume for-hire vehicle drivers who initiated an informal resolution process; (iv) the number of high-volume for-hire vehicle drivers who reached an informal resolution with a high-volume for-hire vehicle service; (v) the number of high-volume for-hire vehicle drivers who commenced arbitrations or private actions that include claims alleging violations of sections 20-1282 or 20-1283 and the outcomes of such proceedings; and (vi) any other information the department deems relevant. Until all high-volume for-hire vehicle drivers placed on a waitlist pursuant to section 20-1283 have had their driver platform access restored, such report shall also include the number of high-volume for-hire vehicle drivers with prior deactivations who petitioned a high-volume for-hire vehicle service for reinstatement or restoration of their access to such high-volume for-hire vehicle service's driver platform and the number of high-volume for-hire vehicle drivers who were placed on a waitlist pursuant to section 20-1283.

b. Recordkeeping. 1. A high-volume for-hire vehicle service shall retain records documenting its compliance with the applicable requirements of this subchapter for a period of 3 years and shall allow the department to access such records and other information, consistent with applicable law and in accordance with rules of the department and with appropriate notice, in furtherance of an investigation conducted pursuant to this chapter. A high-volume for-hire vehicle service must maintain records in their original format and provide such records to the department in their original format or a machine-readable electronic format as set forth in rules of the department. The department may promulgate rules concerning the maintenance, retention, and provision by a high-volume for-hire vehicle service of data necessary to the implementation and enforcement of this subchapter, which may include a requirement that a high-volume for-hire

22

vehicle service adhere to a uniform system of records and submit such records and other reports as the department may determine, in accordance with applicable law and rules and with appropriate notice.

2. The failure of a high-volume for-hire vehicle service to maintain, retain, or produce a record or other information required to be maintained by this chapter and requested by the department in furtherance of an investigation conducted pursuant to this chapter that is relevant to a material fact alleged by the department in a notice of violation issued pursuant to this chapter creates a rebuttable presumption that such fact is true.

3. To implement or enforce the provisions of this chapter, the department may issue an order or subpoena for the production of data, documents, testimony, or other information from a high-volume for-hire vehicle service. Such data, documents, testimony, or other information may include, but are not limited to, information about the data that a high-volume for-hire vehicle service monitors, collects, or stores about or from a high-volume for-hire vehicle driver or passenger; information about discipline imposed on a high-volume for-hire vehicle driver; and any other information deemed relevant by the department. In accordance with applicable law and rules and upon reasonable notice of no less than 14 days, a person who receives a request or subpoena for data, documents, or other information pursuant to this section shall produce such data, documents or information to the department in its original format or a machine-readable electronic format as set forth in rules of the department.

c. Information and assistance program. The department shall establish a program that provides information and assistance to high-volume for-hire vehicle drivers relating to the provisions of this subchapter. Such program shall include assistance by a natural person by phone and email and outreach and education to the public relating to the provisions of this

23

subchapter. Such program shall not provide legal advice but may provide general information and referrals to legal service providers. The city may provide access to legal services to assist a high-volume for-hire vehicle driver in challenging a deactivation, or impending deactivation for which a high-volume for-hire vehicle driver received a notice of layoff pursuant to subdivision d of section 20-1282, as unlawful pursuant to this subchapter. The mayor may designate an appropriate agency or other entity of the city to contract for such legal services with one or more qualified non-profit legal services organizations.

§ 20-1289 Progressive discipline policy. a. A high-volume for-hire vehicle service shall maintain a written progressive discipline policy in a single writing and adhere to such policy.

b. The written policy required pursuant to subdivision a of this section shall satisfy all requirements of this subchapter and, at a minimum, address the following:

1. Types of misconduct by a high-volume for-hire vehicle driver that may warrant discipline;

2. Any performance standards used to assess failure to satisfactorily perform job duties by a high-volume for-hire driver;

3. Disciplinary measures that may be applied to a high-volume for-hire vehicle driver, including but not limited to deactivation;

4. Procedures for notifying a high-volume for-hire vehicle driver of disciplinary measures that a high-volume for-hire vehicle service intends to take against such high-volume for-hire vehicle driver and providing an opportunity to respond; and

5. Procedures for applying discipline against a high-volume for-hire vehicle driver.

24

c. The written policy required pursuant to subdivision a of this section must be clear and specific such that a reasonable person can understand the acts and omissions that may result in deactivation or other disciplinary measures.

d. The written policy required pursuant to subdivision a of this section must include a notice of rights of high-volume for-hire vehicle drivers that the commissioner shall publish and make available on the city's website.

e. A high-volume for-hire vehicle service shall provide the written policy required pursuant to subdivision a of this section to each high-volume for-hire vehicle driver hired, retained, or engaged by such high-volume for-hire vehicle service in English and in any other language as the department may determine by rule. A high-volume for-hire vehicle service shall provide such policy to each high-volume for-hire vehicle driver no later than the effective date of this subdivision, or prior to such high-volume for-hire vehicle driver's first trip, whichever is later, in a form and manner that the department may determine by rule.

f. A high-volume for-hire vehicle service shall notify each high-volume for-hire vehicle driver of any change to the written policy required pursuant to subdivision a of this section at least 14 days before such change takes effect.

§ 20-1290 Exceptions. This subchapter shall not:

1. Apply to the deactivation of any high-volume for-hire vehicle driver by a high-volume for-hire vehicle service during such driver's probation period with such service;

2. Limit or otherwise affect the applicability of any right or benefit conferred upon or afforded to a high-volume for-hire vehicle driver by the provisions of any other law, regulation, rule, requirement, policy, or standard including but not limited to any federal, state, or local law providing for protections against retaliation or discrimination;

25

3. Limit or otherwise affect the authority of the taxi and limousine commission to issue, revoke, or suspend the licenses of high-volume for-hire vehicle drivers; or

4. Limit or otherwise prevent a high-volume for-hire vehicle service from deactivating a high-volume for-hire vehicle driver whose license has been revoked or from deactivating a high-volume for-hire vehicle driver whose license has been suspended for the duration of the suspension.

§ 10. This local law takes effect 180 days after it becomes law, provided that the commissioner of consumer and worker protection shall take such measures as are necessary for the implementation of this local law, including the promulgation of rules, before such date, and further provided that such rules requiring that a high-volume for-hire vehicle service, as defined in section 20-1281 of the administrative code of the city of New York, as added by section nine of the local law that added this section, provide data, documents, testimony, or other information to the department of consumer and worker protection may take effect before such date.

Session 13
MC
LS #10312
12/10/2025 3:57PM

Session 12
RL
LS #10312
5/30/2023

I hereby certify that the above bill was passed by the Council of the City of New York on Thursday, December 18, 2025 ...receiving the following votes:

Affirmative...... 40

Negative...... 7

Abstentions...... 1

**Michael M. McSweeney, City Clerk, Clerk of the Council.**

**DISAPPROVED**

ON THE 31st DAY OF Dec 20 25

_____ MAYOR

26