# Dunn Isaacson Rhee

<u>**By ECF**</u>
The Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Uber Technologies, Inc., et al., v. City of New York,* Case No. 1:26-cv-04893-GHW

Your Honor:

Plaintiffs Uber Technologies, Inc. and Uber USA, LLC (together "Uber") write in response to the letter filed on July 8, 2026 by Defendant City of New York (the "City") regarding the recent proposed rules ("Proposed Rules") submitted by the Department of Consumer and Worker Protection ("Department") implementing Local Law 52 of 2026 ("LL52").  Dkt. 38.

The Proposed Rules are, by the Department's own description, only proposals, subject to public comment, revision, and withdrawal at any time before a final vote at the earliest at the public hearing on August 5, 2026, after which they would not become effective for at least 30 days, and could be legally challenged in the interim.

Uber nonetheless addresses the Proposed Rules for two limited purposes.  *First*, their submission one week before Preliminary Injunction hearing and their content signal the City's awareness of the law's legal infirmity.  The Proposed Rules attempt to re-write the plain text of several provisions of LL52 to address some of the precise points Uber raised in its papers.  For example, if passed, the Proposed Rules seemingly would:

- Attempt to evade Uber's arguments by claiming LL52 is "directed at the process" of deactivation "and not at the substantive conduct standards themselves, which remain within the discretion of each HVFHV service."  Dkt. 38-1 at 3.
- Modify the 14-Day Notice Requirement to eliminate a need for notice not only "where the deactivation is based on egregious misconduct, account sharing, a pattern of repeated fraudulent behavior" but also related to "conduct too outrageous to be addressed through progressive discipline."  Dkt. 38-1 at 4.
- Claim that LL52 "does not have retroactive effect" and does "not impose liability" for a "deactivation decision made before the Law's effective date."  *Compare* Dkt. 38-1 at 5-6 *with* Dkt. 28 at 28, 38.

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900



- Narrow the circumstances in which each of the reports in the Compelled Reports Provision must be provided.  Dkt. 38-1 at 22.

*Second*, the timing and daylight between the Proposed Rules and the text of LL52 stand to confirm and exacerbate the threat of irreparable harm.  The Proposed Rules are set for public hearing on August 5, and deactivated drivers could begin filing petitions and/or suits against Uber before then, on July 28, 2026, believing that is LL52's effective date.  For the reasons discussed in Uber's PI brief, Dkt. 6, injunctive relief already is warranted to prevent Uber from facing inconsistent standards and judgments from multiple fact finders in two fora.  The existence of the Proposed Rules creates additional potential ambiguities, which could lead judges and the Department to enforce the law in different and inconsistent ways.

To the extent the Court would like to discuss the Proposed Rules at the upcoming July 16 hearing, Uber will be prepared to do so.

Respectfully submitted,

*/s/ Meryl C. Governski*
Meryl C. Governski

cc: Counsel of Record (via ECF)

**Dunn Isaacson Rhee LLP**
www.dirllp.com
401 9th Street, NW
Washington, DC 20004
(202) 240-2900

